# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
May 2, 2023

Lyle W. Cayce
Clerk

_____

No. 22-60402
Summary Calendar

_____

Juan Rodriguez-Hernandez,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

_____

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A201 143 310

_____

Before Jolly, Oldham, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Juan Rodriguez-Hernandez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals's (BIA) dismissal of his appeal from the immigration judge's (IJ) denial of his application for withholding of removal and protection under the Convention Against Torture (CAT). His withholding of removal claim is based on membership

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

in the proposed particular social group of landowners in Mexico who are targeted by cartels.

We review the BIA's decision and will consider the IJ's underlying decision only if it impacted the BIA's decision. *See Sharma v. Holder*, 729 F.3d 407, 411 (5th Cir. 2013). Findings of fact, including the denial of withholding of removal and CAT protection, are reviewed under the substantial evidence standard. *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006). Under the substantial evidence standard, we may not reverse a factual finding unless the evidence "*compels*" such a reversal—i.e., the evidence must be "so compelling that no reasonable factfinder could reach a contrary conclusion." *Id.* Conclusions of law are reviewed de novo. *Sharma*, 729 F.3d at 411.

In support of his withholding contention on review, Rodriguez-Hernandez points to only two specific instances of harm committed by gangs to landowners—the murder of his landowning neighbor who refused to pay extortion demands, as well as the theft of his landowning brother's vehicle. These instances taken together do not compel the conclusion that he was persecuted or will face persecution because he owns land. *See Chen*, 470 F.3d at 1138. Further weighing against his withholding of removal claim, Rodriguez Hernandez's family members in Mexico who own land have not faced harm by cartels. Rodriguez-Hernandez similarly failed to show that the record compels the conclusion that he will more likely than not face torture if returned to Mexico because he, again, only points to the acts committed against his neighbor and brother without elaboration. *See Chen*, 470 F.3d at 1138-39.

Accordingly, Rodriguez-Hernandez's petition for review is DENIED.